[No. 3780.   Decided October 10, 1901.]

*In the Matter of the Estate of* SALLIE E. MASON, *De-*
*ceased.*

J. C. HARRIS, *Administrator, Appellant,* v. KORA M.
CHASE, *Respondent.*

EXECUTORS AND ADMINISTRATORS — COMPENSATION.

The refusal of the court to allow an administrator his full
claim for services in the management of two estates jointly is
warranted, where it appears that he was the administrator of the
estates of both the ancestor and the sole heir, that both estates
comprised the same property, that the same services were render-
ed and the same accounting had in both of them, and that upon
the final settlement of the ancestor's estate he had been fully
compensated for all his services rendered up to that date.

SAME.

The fact that the court in allowing an adminstrator the
statutory compensation for services fails to include the real
property of the estate as a basis from which to estimate ·com-
missions upon the amount of the estate accounted for is not
error, in the absence of any showing as to the value of the land.

Appeal from Superior Court, King County.—Hon.
JESSE P. HOUSER, Judge.   Affirmed.

*Emmons & Emmons,* for appellant.

*McClure & McClure,* for respondent.

The opinion of the court was delivered by

HADLEY, J.—On June 24, 1888, one George Mason
died intestate, being at the time of his death the owner
of real property in King county, Washington.   His sole
heir was his mother, Sallie E. Mason.   Three days after
the death of George Mason, to-wit, on June 27, 1888,
Sallie E. Mason, the mother, died intestate, leaving as her
sole heir the respondent, Kora M. Chase.   In December,

1895, the appellant was by the superior court of King county appointed administrator of the estate of said George Mason, and also administrator of the estate of said Sallie E. Mason. Appellant qualified as such administrator and took possession of said property at the time as administrator of the estate of George Mason. Two houses stood upon the land, and for the purpose of keeping the premises rented, and having the necessary repairs made thereon, the administrator employed one Redfield to collect the rents and look after the property, and for his services paid said Redfield five per cent. of the amount of rents collected. During all the time appellant was administrator of said two estates until within a few weeks of the hearing on the final account herein he was a clerk in the employ of the firm of Emmons & Emmons, attorneys of Seattle, which firm were also attorneys for him as administrator. The accounts of the two estates were kept in one account upon the books of Emmons & Emmons, which account was entitled, "Estates of George and Sallie E. Mason," and all receipts and disbursements in said estates were entered in said account. Annual accounts were filed in each estate, and in each of these accounts the appellant charged himself with all moneys received from the property, and credited himself with all disbursements made, so that an annual account filed in the estate of Sallie E. Mason would contain the identical items contained in the corresponding account filed in the estate of George Mason; the one being practically a copy of the other. Notice to creditors was published in each estate, but no claim was presented against either estate. The only disbursements in either estate were payments made on account of administration. The estate of George Mason was settled in the month of July, 1898, and at

that time the administrator was allowed for his fees the sum of $340, and the further sum of $250 for his attorney's fees. For the purpose of paying taxes, administrator's commissions and attorney's fees, the appellant had borrowed, under the direction of the court, the sum of $2,000, and had given a mortgage upon the property aforesaid to secure the loan. The mortgage was executed by appellant in his capacity as administrator of each of said estates. This mortgage was still unpaid when appellant caused the estate of George Mason to be settled. The only property belonging to the estate of Sallie E. Mason was that which also belonged to the estate of George Mason; and, Sallie E. Mason being dead, the respondent, her daughter, was the sole heir to the entire property. At the time of the settlement of the George Mason estate, appellant procured distribution thereof to be made to himself as administrator of the estate of Sallie E. Mason, and as administrator of the latter estate receipted to himself as administrator of the former estate for the sum of $123.93, the balance left on hand out of the $2,000 loan after taxes and his commissions and attorney's fees were paid. The estate of Sallie E. Mason could have been closed at any time subsequent to the year 1897, and in such case there would have been nothing to distribute to respondent, as the property was still in the George Mason estate. In June, 1900, appellant filed his final account in the estate of Sallie E. Mason. The items of receipts and disbursements charged and credited in said account extended back to the beginning of the administration of said estate, long prior to the settlement of the George Mason estate; and under date of July, 1898, he credited himself with the sum of $590 paid the George Mason estate for administrator's fees and administrator's attor-

ney's fees. He also asks the court in his said final account and report to allow him the sum of $535.44 for his services as administrator in the estate of Sallie E. Mason, together with the further sum of $750 for his attorney's fees in the last named estate. Respondent filed exceptions to said final account, and the same were heard by the court. The oral testimony of witnesses was introduced, and by stipulation all the records and files in both of said estates were introduced and read in evidence. Thereafter the court filed its findings of facts and conclusions of law, containing the following: That all the disbursements credited by said administrator in his said final account, excepting the item for $590 paid in July, 1898, for administrator's and attorney's fees in the George Mason estate, were made by said administrator in behalf of and for the benefit of said estate, and should be allowed; that the item of $590 charged in said account for July, 1898, as paid for administrator and administrator's attorney's fees in the George Mason estate, was disbursed by said administrator under an order of this court, and should be allowed; that the administrations of the estate of said George Mason and the estate of Sallie E. Mason were concurrent; that the account for all receipts and disbursements in both estates was kept by said administrator in the books of accounts of Emmons & Emmons, his attorneys, in one account; that all services rendered in the estate of said Sallie E. Mason were services in the estate of George Mason, and that said administrator has been fully paid for his commissions and services in this cause by payment for his services as administrator of the estate of George Mason, deceased; that said administrator should, however, be allowed the sum of $115.45 for extra services performed by him; that the sum of $200 is a reasonable sum to be allowed administrator for the services

of his attorneys in this estate. Judgment was entered in accordance with the foregoing, and from said judgment this appeal was taken.

Errors are assigned upon the court's findings and conclusions, and also upon its refusal to allow certain findings and conclusions, proposed by appellant. We think, however, that the findings and conclusions of the court are abundantly justified by the facts and circumstances shown in this record. We are not prepared to say that the term "concurrent administration," as used by the court and counsel, is technically correct here; but it is true, as the court found, that the services for which compensation was asked in the Sallie E. Mason estate were in fact chiefly rendered in the George Mason estate, and full compensation was made therefor at the settlement of the latter estate. Moreover, if the Sallie E. Mason estate should be treated as an independent one, and as unconnected with the former estate, we have in this record the following showing: The administrator receipted to the former estate at the time of its settlement in July, 1898, for the sum of $123.93. His account shows that he has received since that time other sums, in the way of rents, amounting to $1,755; making a total of moneys received by him in his capacity as administrator of the unsettled estate in the sum of $1,878.93. His statutory commission upon the latter sum is $113.94. Bal. Code, § 6314. The court allowed him $115.45, not under the name of "commission," but "for extra services." But, under whatever name it may have been allowed, he received compensation more than equal to the amount of commission authorized by law upon the sum stated above. It is true, when the former estate was settled, he caused the real estate to be distributed to himself as administrator of the latter estate; and it may be said that he "accounted" for that, under the stat-

ute, as well as for the money received. There is, however, nothing brought here with this record to show the appraised value of the land, and no value whatever is shown. It does appear that it is incumbered by an unpaid mortgage for $2,000 executed by the appellant as administrator, and further that the rents therefrom were usually about $80 per month. But these facts do not enable us to determine its value. In the absence of a showing as to the amount of the estate accounted for, as a basis from which to estimate commissions, and since it appears that the amount allowed fully covers the value of estate specifically shown, this court will assume that the allowance made by the court fully meets the statutory requirement. We are also satisfied from the record that the court's allowance of $200 for attorney's fees in this estate is reasonable, and should not be disturbed.

The judgment is affirmed.

REAVIS, C. J., and DUNBAR, FULLERTON, ANDERS and MOUNT, JJ., concur.